UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:20-cr-00019-SEB-VTW-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANTHONY TODD LEONARD | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. Defendant Anthony Todd Leonard filed a motion seeking compassionate release. Dkt. 91. In his motion, Mr. Leonard sought immediate release from incarceration at FCI Terre Haute because his various medical conditions substantially diminished his ability to provide self-care within the meaning of U.S.S.G. § 1B1.13, which constituted an "extraordinary and compelling" reason warranting his compassionate release. *Id.* Accordingly, he requested that his sentence be reduced to time served.

Because the BOP inmate database subsequently showed Mr. Leonard's place of incarceration as the Residential Reentry Management field office in Detroit, https://www.bop.gov/inmateloc/ (last visited Sept. 21, 2023), the Court required him to show cause why his motion for compassionate release based on an inability to provide self-care in prison should not be denied, as it appeared that Mr. Leonard was no longer in prison, dkt. 99. The Court

1

warned Mr. Leonard that it would deem his motion abandoned and deny it without prejudice if he failed to respond as required. *Id.*

Mr. Leonard thereafter filed a medical record from the BOP showing that on April 11, 2023, he had a medical furlough. Dkt. 101. Mr. Leonard did not submit any further information with that single document or otherwise show cause as instructed in the Court's order. Two months later, Mr. Leonard filed a motion requesting the status of his compassionate release motion. Dkt. 102. In his status motion, Mr. Leonard states that he is required to "make frequent trips to VOA for medical care, sometimes multiple times per week. The journey is quite lengthy, taking approximately 2 hours each way, not including potential traffic or road construction delays. These trips, in combination with the rising cost of gas and the need to rely on a driver due to my medical condition, are becoming increasingly burdensome." Dkt. 102 at 1. Mr. Leonard states that there is a federal facility in Louisville, which is only a ten-minute drive from his current residence, and traveling there would be much easier for him. Therefore, he is requesting the Court's assistance in a transfer to that facility for his medical care.[1]

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, which is codified at § 3582(c)(1)(A)(i), a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary

---

[1] It is not clear to the Court whether Mr. Leonard intended for his most recently filed motion to be considered as an argument in further support of his compassionate release, or whether he intended to raise a separate, stand-alone request for transfer of his supervision to the Western District of Kentucky. Accordingly, the Court has considered it with his compassionate release motion but will also direct the Clerk to re-docket said motion as a request to transfer his district of supervision.

2

and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Defendant has not established extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A)(i). While the Court understands that it is not convenient to drive back and forth to medical appointments at a facility far from his home, the Court declines to exercise its discretion to find that Mr. Leonard has met his burden to show that that is an extraordinary and compelling reason to grant compassionate release. Similarly, Mr. Leonard has failed to show that an alleged inability to provide self-care in prison establishes an extraordinary and compelling reason for his compassionate release, as he is no longer in prison.

Even if the Court were to assume that Mr. Leonard had met his burden to establish an extraordinary and compelling reason to grant compassionate release, this would not end the inquiry as the Court finds that the § 3553 factors do not weigh in his favor.[2] Mr. Leonard represents that he will be employed as a software consultant and live with a longtime friend if released. Dkt. 91 at 9. Mr. Leonard has not had any disciplinary infractions while in prison and has no prior criminal

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

history. Dkt. 97 at 3, 18. Weighing against him, in July 2022, Mr. Leonard pled guilty to serious crimes: one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of money laundering, in violation of 18 U.S.C. § 1957. Dkt. 87. He was facing a guidelines range of 30-37 months of imprisonment, but the Court varied upward to 40 months due to the "sophistication of conduct in the offense." Dkt. 88. Mr. Leonard ran an intricate scheme to bilk investors out of over a million dollars. Dkt. 71 at 7. He lied to investors to get more money out of them, including telling individuals that he had brain cancer. *Id.* He and his wife used the money to fund their own lavish lifestyle. Defendant had his pretrial release revoked because, among other violations, he provided false information in order to obtain a Paycheck Protection Program (PPP) loan. Dkts. 55, 58.

In light of these considerations, the Court finds that releasing Mr. Leonard now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

Accordingly, Defendant's motion for compassionate release, dkt. [91], is **denied**. Defendant's motion dated August 22, 2023 is **denied** to the extent that it includes a request for compassionate release. As stated above, however, because it is possible that Mr. Leonard meant the motion to be a standalone motion to transfer his district of supervision, the **clerk is directed** to re-docket the motion, dkt. [102], as a motion for transfer of supervision.

**IT IS SO ORDERED.**

Date: 9/26/2023

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Anthony Todd Leonard
2712 Ebenezer Church Rd.
Memphis, Indiana 47143

All Electronically Registered Counsel